IN THE UNITED STATES BANKRUPCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NUMBER: |
| ) | |
| **Roy Randolph Carpenter, Jr.** ) | **10-03870-8-SWH** |
| **Penny Averette Carpenter** ) | |
| Mailing Address: ) | |
| 2008 Sanders Road ) | |
| Stem, NC 27581 ) | |
| <u>Debtors</u>                         ) | Chapter 13 |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

NOW COMES Franklin SIS Corporation, a North Carolina corporation (hereinafter referred to as "Franklin"), by and through its undersigned counsel, and pursuant to 11 U.S.C. 362(d) respectfully moves this Court for relief from the automatic stay. The reasons for this motion are as follows:

1. Franklin is a North Carolina corporation, duly organized and validly existing pursuant to and under the laws of the State of North Carolina, with its principal place of business located in Granville County, North Carolina.

2. Debtors are citizens and residents of Granville County, North Carolina.

3. On March 1, 1997, Debtors entered into a land-sale contract with Franklin for the purchase of real property located in Stem, North Carolina, and more particularly described as follows:

   A certain lot or parcel of land lying and being situate in Tally Ho Township, Granville County, N.C., on south side of S.R. #1132, containing 3.2928 acres, more or less, and being designated as Lot #5 on map of the Lots of Franklin SIS Corp., made by James R. Wilson, R.L.S., July 25, 1996, recorded in Map Book 19, page 55, Granville County Registry.

4. Pursuant to the terms of the contract, Franklin conveyed the property to Debtors on April 17, 1997, who in turn executed a promissory note and deed of trust to Franklin for the balance of the purchase price. Copies of the contract, deed, note and deed of trust are attached hereto as Exhibits A through D, and incorporated herein by reference.

5.     Debtors defaulted under the terms of the note and deed of trust, and on May 20, 2003, conveyed the property back to Franklin by General Warranty Deed, a copy of which is attached hereto as Exhibit E.

6.     On May 27, 2003, Franklin and Debtors entered into another land-sale contract with a purchase price for the said property of $120,432.59, to be paid in 207 monthly installments of $1,300 each, beginning on June 1, 2003.  This was the first of a number of such agreements entered into the between the parties when Debtors would fall behind in payments or would ask Franklin to loan them additional sums of money to "catch up" or to use for other things.

7.     On April 5, 2008, the parties entered into their final land-sale contract for a purchase price of $128,820.00, which was to be paid in equal monthly installments beginning on May 17, 2007.  A copy of this contract is attached as Exhibit F.

8.     On May 4, 2009, Debtors filed a petition under Chapter 13 of the Bankruptcy Code, it being their third Bankruptcy Petition since first entering into the purchase agreement for the property.  Franklin filed a claim with the Trustee in that case for the amount owed under the 2007 contract and attached a copy of the agreement in support of the claim.  Debtors filed an objection to this claim, which was heard by The Honorable J. Rich Leonard on January 13, 2010.  Judge Leonard entered his order denying the objection on March 2, 2010.  The case was subsequently dismissed by The Honorable Stephani W. Humrickhouse on April 28, 2010, for Debtors' failure to comply with the terms of the Chapter 13 plan.

9.     Franklin has not received any payment on the land contract since February, 2009.  Debtors have been in default of the terms of the contract since prior to that time, and remain in default as of the filing of this motion.

10.     Franklin seeks relief from the automatic stay, if it is in fact applicable, to proceed against the debtors and the property described herein under the laws of the State of North Carolina.

WHEREFORE, Franklin respectfully moves this Court as follows:

1.     That the Court declare the automatic stay to be inapplicable in this matter and authorize Franklin to proceed against the debtors and the property described herein under the laws of the State of North Carolina.

2.     That, in the alternative, the Court grant to Franklin relief from the automatic stay, effective immediately upon issuance of the order, so that Franklin may proceed against the debtors and the property described herein in accordance with the laws of the State of North Carolina.

2

3.   That, in the alternative, the Court order the Trustee to either assume or reject the land sale contract dated May 11, 2007.

4.   That Franklin's costs in this matter, including reasonable attorney's fees, be taxed to the debtors.

5.   That this Courts order be made binding with respect to any subsequent Bankruptcy proceeding relating to these debtors should the present case be dismissed or converted to another chapter.

6.   For such other and further relief as the Court deems just and proper.

This the 14th day of July, 2010.

>ROYSTER, CROSS & HENSLEY, LLP
>Post Office Drawer 1168
>135 College Street
>Oxford, North Carolina 27565
>Telephone: (919) 693-3131
>Facsimile: (919) 693-2919
>Attorneys for Franklin SIS Corporation

>By:   s/Dale W. Hensley
>      Dale W. Hensley
>      N.C. State Bar #25556