**SO ORDERED.**

**SIGNED this 15 day of September, 2010.**



_Stephani W. Humrickhouse_
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                          CASE NO.

ROY RANDOLPH CARPENTER, JR.                                     10-03870-8-SWH
PENNY AVERETTE CARPENTER

      DEBTORS

**ORDER DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

The matter before the court is the motion for relief from the automatic stay filed by Franklin SIS Corporation. A hearing took place on August 10, 2010, in Raleigh, North Carolina.

<u>Background</u>

On March 1, 1997, Roy Randolph Carpenter, Jr. and Penny Averette Carpenter entered into a land-sale contract with Franklin SIS Corporation for the purchase of real property in Stem, North Carolina (the "Property"). Pursuant to the contract, Franklin conveyed the Property to the Carpenters on April 17, 1997, in exchange for a promissory note and deed of trust for the balance of the purchase price. After defaulting under the terms of the note and deed of trust, the Carpenters conveyed the Property back to Franklin by executing a general warranty deed on May 20, 2003. The deed was not recorded at that time; instead, the parties continued to enter into a series of land-sale

contracts over the next several years under the apparent assumption that the Property would be conveyed back to the Carpenters at some point.

On May 4, 2009, the Carpenters filed a prior petition for relief under chapter 13 of the Bankruptcy Code (the "2009 Case"). On October 7, 2009, during the Carpenters' bankruptcy case, Franklin recorded the 2003 deed which reflected the conveyance of the Property from the Carpenters to Franklin. In addition, Franklin filed a secured claim for the balance due on the Property, to which the Carpenters objected, contending that the claim was unsecured because the original, and only, deed of trust was rendered obsolete by the 2003 deed and subsequent contracts. The Honorable J. Rich Leonard found that the 1997 deed, the only deed of record on the petition date, remained secured by the related deed of trust. The conveyance of the 2003 deed to Franklin did not render the deed of trust invalid because the parties apparently intended the deed as additional security for the original obligation. The court further noted that although the unrecorded 2003 deed from the debtors to Franklin was valid between the parties, it was ineffective against third parties. Franklin was entitled to a secured claim for the balance due under the original agreement less any payments received. However, the Carpenters' case was dismissed on April 28, 2010, for failure to make plan payments.

On May 13, 2010, the Carpenters filed another chapter 13 petition, initiating the present bankruptcy case. Franklin seeks relief from the automatic stay, asserting that the debtors have defaulted under the most recent land-sale contract of April 5, 2008, or, in the alternative, a finding that either (a) the stay was terminated on the thirtieth day after the filing pursuant to § 362(c)(3)(A),

or (b) the stay is not applicable because the Property is not property of the estate.[1] Shortly before the present filing, Franklin intended to foreclose on the Property and sent the debtors a letter indicating that they were in default under the note and deed of trust. Franklin contends that the stay terminated on the thirtieth day after filing pursuant to § 362(c)(3)(A), because Franklin had taken action against the property securing the debt by sending the notice of default to the debtors. Additionally, it is Franklin's position that although the Property may have been property of the estate in the prior bankruptcy case, it is not property of the estate in this case because the deed conveying the Property from the debtors to Franklin was recorded in October of 2009, prior to the filing of the instant petition.

The debtors counter that by recording the deed during the pendency of the prior bankruptcy case, Franklin attempted to obtain possession of the Property or perfect or enforce its lien, which constitutes a violation of the automatic stay of § 362 (a)(3) and (4). The debtors contend that the recordation of the deed is therefore void *ab initio*, and as a result, the Property is property of the estate which remains protected by the automatic stay. In the alternative, the debtors argue that even if the post-petition deed recordation was effective to remove the Property from the bankruptcy estate, the transfer is avoidable under § 547, and the potential recovery against the transferee under § 550 is property of the estate pursuant to § 541(a)(3). According to the debtors, the bankruptcy estate in the prior case included the Property, and the transfer of the Property to Franklin did not become effective until the case's dismissal, which occurred within 90 days of the filing of the present

---

[1] Franklin also seeks an order requiring the debtor to either assume or reject the land-sale contract dated May 11, 2007. However, since Franklin did not argue that issue at the hearing, that request will be deemed withdrawn without prejudice to Franklin refiling a motion regarding assumption/rejection of that land-sale contract.

case. In either event, the debtors assert that Franklin has not provided any grounds for relief from the stay.

## Discussion

It is undisputed that during the debtors' 2009 Case, the Property was property of the estate. In his opinion of March 2, 2010, Judge Leonard essentially determined that title in the Property rested with the estate because despite the conveyance of the Property to Franklin in 2003, as of the petition date, the debtors were still the owners of record. The court therefore finds that by recording the 2003 deed (which reflected the transfer of title in the Property to Franklin) during the debtors' 2009 Case, Franklin violated the automatic stay of § 362(a)(3), which prohibits acts to exercise control over property of the estate, and/or § 362(a)(4), which prohibits acts to perfect liens against property of the estate. The recordation of the 2003 deed is therefore void *ab initio*. See In re Village Landing, LLC, Case No. 09-00855-8-JRL (Bankr. E.D.N.C. May 13, 2009) (finding that a state judicial action taken during the pendency of the bankruptcy case, and in violation of the automatic stay, was void *ab initio*, such that the resulting order entered was annulled by the automatic stay).

Because the act of recording the deed is void, the recordation did not become effective upon dismissal of the debtors' 2009 Case. Thus, when the debtors filed the petition in the present case, the Property once again became property of the estate. As such, the automatic stay did not terminate under § 362(c)(3)(A) as to the Property.[2] See In re Jones, 339 B.R. 360 (Bankr. E.D.N.C. Mar. 21,

---

[2]Although Franklin asserts that it took action against the debtors by sending a notice of default and thereby performing the first step in the foreclosure process, it is not necessary for the court to determine whether this act constituted an "action taken" within the scope of § 362(c)(3)(A) and In re Paschal, 337 B.R. 274 (Bankr. E.D.N.C. Jan. 6, 2006), as such action would only be relevant if taken against the debtor or the debtor's property. As property of the estate, the Property is not subject to the stay limitations imposed by § 362(c)(3)(A).

4

2006) (under § 362(c)(3)(A), the automatic stay terminates as to actions taken against the debtor or property of the debtor, but not as to property of the estate).

The court further finds that Franklin has not shown sufficient cause to warrant relief from the automatic stay under § 362(d). Franklin submits that the debtors are in default under the note and deed of trust, however, the debtors propose to make payments to Franklin through their chapter 13 plan of reorganization. Further, the debtors represent that they have begun making payments to the trustee and are current with those payments. The court therefore concludes that relief from the stay is not warranted at this time, based on these circumstances.

Accordingly, the motion for relief from the automatic stay is **DENIED.**

**SO ORDERED**.

**END OF DOCUMENT**